Booth, Judge,
delivered the opinion of the court:
The above case was submitted to the court upon agreed findings of fact. The statement of fact subscribed to by both the claimant company and the defendants covers thirty-four pages of the record and embraces a volume of figures, intri *289 cate, involved, and difficult to correctly understand except by those especially skilled in the insurance business. Each item contained in the complete return made by the company to the Commissioner of Internal Revenue was supposed to be a correct duplication of said return, the court accepting the same as true upon the express stipulation of the parties. The record upon its face radiated an amicability between the contending parties so pronounced that we were at one time almost convinced that the case was a moot one. The judgment of the court as expressed in the opinion did not in all respects conclude the propositions advanced by the parties and left the court in a position where, from the agreed findings, it could not enter a final judgment. In order to facilitate the disposition of the case, and in view of the expressed harmony between the parties as to their differences, we confidently believed that the proper course to pursue was to remand the case for a statement of amounts due under the opinion of the court. In response to this order of remand we are met with a motion to amend the findings and wide divergence of opinion respecting the sums due. Taking up the motion to amend first, we find the claimant company now contends that certain amounts were omitted in Findings I, II, and III, not through any carelessness of claimant’s counsel, but apparently caused by the neglect or stupidity of the printer employed to do its printing. It is not alleged with absolute certainty that this is the true situation as to all the items omitted, but is asserted as an impression that the figures now asked for were inserted in the printer’s proof returned by claimant’s attorney to the printer, and by the latter omitted from the final impression. The motion to amend is not supported by an affidavit and does not otherwise comply with the rules. Inasmuch as the omission of some of the figures now claimed evoked comment by the court in its opinion,- being treated as accurate and certain, we do not feel disposed at present to grant the motion.
The amendment requested disturbs a stipulation solemnly made between the representative of the claimant company and the defendants, and while it may not disturb in any important particular the judgment of the court as expressed *290 in the written opinion, it is incompatible with the stipulations of fact upon which the court considered the case to permit the findings to be varied at this time. The facts now asked to be put into the findings were directly before the parties at the time the stipulation was entered into, and if deemed important they should have been included then. It is too late after the court has decided the case upon the record as submitted herein to raise a new issue or reinforce by the introduction of new facts a contention made upon the facts as agreed to by the parties. Litigation under these circumstances would never be concluded and the court remain always under a trembling uncertainty as to the finality of its judgments.
The amendment asked as to Finding IV embraces an inadvertence not easily .excused. The most consequential issue presented by the record involved the question of making amended returns to the commissioner upon the written or cash basis in so far as premiums for insurance were concerned. The claimant company in an elaborate and abl brief contended vigorously for a return predicated upon the amount of premiums received by the company in cash during the calendar year. The defendants as vigorously contested the issue, and in so doing developed, by oral testimony as well as by repeated assertions in the written brief, that in the event of the court sustaining the claimant’s contention the record did not disclose the full amount of cash premiums received by the company during the calendar year. This defense was predicated upon the fact that the claimant company under agreement with its local agencies did not require the agents to report the cash premiums collected by them to the home office for 60 days after their collection.
Finding IX of the agreed findings disclosed the situation and contained the facts upon which the court acted. It is obvious that under this system of accounting the cash received by local agents for the last two months of the calendar year was not reported by the company in its yearly returns to the commissioner. In view of this situation it is quite illogical to now assert that because the court held *291 that all the cash received, either by the company at its home office or in the hands of its agents, during each of the 12 months of the calendar year is distinctly erroneous because the court at the time of the decision did not have before it a copy of the written contracts the company made with its local agencies. It is not always difficult to amend a record after the court has delivered its opinion, and it not infrequently occurs that the holding of the court suggests amendments to findings, when in the interest of justice and the expedition of cases it ought to have been brought in in the first instance. Notwithstanding what has been said, we would insert the proffered contract if in our view of the case it was material. The evidence is merely cumulative and it in nowise simplifies the issue or contributes toward its proper solution. The facts as agreed to in Finding IX state the situation, and the court is of the opinion that a private contract between this claimant company and one of its agents can not be availed of to change the rule as laid down by the Congress in the taxing statutes. The whole controversy is covered in the opinion of the court, and the facts are sufficiently stated to fully meet the issues.
The case will be remanded to the general docket for one purpose and one only: To show on or before the expiration of the time mentioned in this order all sums of money collected as premiums upon insurance at either the home office of the company or in the hands of its agents for the full 12 months of each of the calendar years 1909, 1910, 1911, 1912, and 1913. This proof must disclose the total receipts in cash for premiums upon insurance for each of the above years in accord with the opinion of the court. Ninety days from April 2, 1917, will be allowed for this purpose, after which date the final judgment in the case will be awarded without further argument or motions herein. It is so-ordered.